**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY HALL and LISA HALL, h/w** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 06-CV-275** |
| | **:** | |
| **SKI SHAWNEE, INC.** | **:** | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                    **October   4 , 2006**

Plaintiffs Gregory and Lisa Hall ("Plaintiffs") bring this diversity action against Ski

Shawnee, Inc. for damages arising from a snow tubing accident that occurred at the Shawnee

Mountain ski resort on February 15, 2005.  Now before the Court is Defendant's Motion to

Dismiss and Transfer Venue.  For the reasons that follow, the Motion to Transfer Venue will be

granted.

**I.      Background**

Taking as true the facts alleged in the Complaint, as we must at this stage of the

proceedings, the pertinent facts are as follows.  Defendant Ski Shawnee, Inc., a Pennsylvania

corporation, operates a ski resort at Shawnee-on-Delaware, Monroe County, Pennsylvania.

Amended Complaint ¶ 3.  On or about February 15, 2005, Plaintiffs, residents of Baltimore,

Maryland, were present at Defendant's ski resort as business invitees. Id. at ¶¶ 1, 10.  On that

day, Plaintiff Gregory Hall was on a snow tube coming down a mountain at Defendant's ski

resort.  Id. at ¶ 11.  While descending, he hit a barrier and was thrown out of his snow tube,

sustaining injury.  Plaintiffs allege that Mr. Hall was injured as a proximate result of Defendant's

negligence and demand compensatory damages for his injuries, lost wages, medical expenses,

and for Mrs. Hall's loss of consortium.  Id. at ¶¶ 13, 20-24.

Defendant seeks to dismiss this action for improper venue, stating that proper venue lies in the Middle District of Pennsylvania because: (1) the accident occurred in the Middle District, (2) Defendant corporation resides in the Middle District; and (3) Plaintiff Gregory Hall entered into two contracts containing forum selection clauses that designate the Middle District as the appropriate forum for litigation.  Plaintiffs argue that Defendant has sufficient contacts with the Eastern District, primarily by way of advertising, to render their venue choice appropriate.

## II.      Legal Standard

Venue disputes are governed either by 28 U.S.C.A. § 1404(a) or by 28 U.S.C.A. § 1406. Section 1406 applies only where the original venue is improper and provides for either transfer or dismissal of the case.  Section 1404(a) provides for transfer where both the original and requested venue are proper:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a).  A defendant may assert improper venue in a motion to dismiss.  Fed. R. Civ. P. 12(b)(3).  All well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the court may examine facts outside the complaint to determine proper venue.  Fellner v. Philadelphia Toboggan Coasters, Inc., 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005); See also Abramski v. Potter, 2005 WL 3021926, at *1 (D. Conn. Oct. 31, 2005); Wright & Miller, Federal Practice and Procedure, § 1352.

## III.     Discussion

Central to the Court's inquiry are two documents: the "Snow Tubing Acknowledgment of

Risk and Agreement Not to Sue" ("Acknowledgment"), and a "lift ticket."  As part of

Defendant's policy, each customer was provided these documents before being permitted to

snow tube.  See Affidavit of James D. Tust, ¶¶ 18-24.  The Acknowledgment provides, in

pertinent part, and in bold lettering:

> **THIS IS A CONTRACT READ IT!**
>
> 6.      ... **[I]f I sue Ski Shawnee, Inc., I agree that I will only sue it, whether it is on my own behalf or on behalf of a family member, in the Court of Common Pleas of Monroe County or in the United States District Court for the Middle District of Pennsylvania and further agree that any and all disputes which might arise between Ski Shawnee, Inc. and myself shall be litigated exclusively in one of said Courts.**

Id., Exhibit A at ¶6.  The lift ticket provided, in pertinent part:

> **· PLEASE READ ·**
>
> Acceptance of this ticket constitutes a contract.  The conditions of the contract are set forth below... I agree that all disputes arising under this contract and/or from my use of the facilities at Shawnee Mountain shall be litigated exclusively in the Court of Common Pleas of Monroe County or in the United States District Court for the Middle District of Pennsylvania.

See id., Exhibit B.  Plaintiffs do not dispute that they were provided these documents, or that the

above-quoted language is a forum selection clause.  However, they challenge the validity and

enforceability of the clause, arguing that "in choosing to ski at Shawnee Mountain ski area, [they]

did not bargain for, nor did they freely assent to litigate in the forum which Defendant seeks to

enforce."  Pls' R. to Def's Mot. to Dismiss and Transfer Venue (hereinafter, "Memo in

Opposition"), at 2.  Plaintiffs further state that the forum selection clause found on the lift ticket

was "written in tiny print on the back of the lift ticket." Memo in Opposition, at 8.   For these

reasons, Plaintiffs argue that the forum selection clause should not be binding on them.  The

Court disagrees.

3

In federal courts, the validity of a contractual forum selection clause in diversity cases is determined by federal law. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-78 (3d Cir. 1995); see generally Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 28 (1988).[1] Forum selection clauses are deemed presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes that: 1) it is the result of fraud or overreaching; 2) enforcement would violate a strong public policy of the forum; or 3) enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Hodgson v. Gilmartin, 2006 WL 2707397, at *8 (E.D. Pa. Sept.18, 2006). While the moving party has the burden of establishing the need for transfer to another forum, the party seeking to avoid the forum selection clause bears the heavy burden of proving its unreasonableness. Kahn v. American Heritage Life Ins. Co., 2006 WL 1879192 (E.D. Pa. June 29, 2006). See also Jumara, 55 F.3d at 880 ("where the forum selection clause is valid, which requires that there have been no fraud, influence or overweening bargaining power, the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum") (citing Bremen v. Zapata Off-Shore Co., 407, U.S. 1, 12-13 (1972)); see also Hicks v. Carnival Cruise Lines, Inc., 1994 WL 388678, at *3 (E.D. Pa. July 26, 1994) ("the party resisting enforcement of the [forum selection] clause bears a heavy burden to demonstrate why enforcement would be unreasonable").

---

[1]     In Stewart Organization, the Supreme Court held that "a district court sitting in diversity must apply a federal statute that controls the issue before the court and that represents a valid exercise of Congress's constitutional powers." 487 U.S. at 28.   The threshold inquiry, therefore, is whether 28 U.S.C. §1404(a) is sufficiently broad to encompass the dispute.   The Supreme Court found that the issue of whether to transfer the case to another forum in accordance with a forum-selection clause was within the scope of the federal statute. Id. at 26-27.

Plaintiffs do not suggest that the contract or its forum selection clause was procured by fraud or overreaching, or that it violates public policy.  Nor have Plaintiffs shown that the selected form is so inconvenient as to be unreasonable.  Plaintiffs' suggestion that they did not assent to the inclusion of the forum selection clause is unpersuasive.[2]  Courts have repeatedly upheld and enforced forum selection clauses in similar situations.  See Duffy v. Camelback Ski Corp., 1992 WL 151802 (E.D. Pa. June 23, 1992) (enforcing a forum selection clause that appeared on the back of a lift ticket at a ski resort); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (holding that forum selection clause in cruise line's passage contract ticket, requiring litigation of all disputes in Florida, was reasonable and enforceable).  Plaintiffs' argument that they would not have had the opportunity to read the clause on the lift ticket until after the purchase had taken place is likewise unpersuasive, as "courts in this circuit have consistently rejected arguments premised upon the timing of the receipt of the tickets." Hicks, 1994 WL 388678, at *3.

Finally, Plaintiffs' suggestion that the size, placement, and font of the forum selection clause rendered it insufficiently communicative does not withstand scrutiny.  "To be legally sufficient, the ticket provisions must meet a practical standard of reasonable communicativeness." Tone v. Carnival Cruise Lines, Inc., 1993 WL 437650, at *2 (E.D. Pa. Oct. 28, 1993) (citing Marek v. Marpan Two, Inc., 817 F.2d 242, 245 (3d Cir. 1987)).  In order to

---

[2]    While Plaintiffs do not state directly that Mr. Hall did not sign the Acknowledgment, they argue that Defendant's inability to locate a signed version should preclude the enforcement of the forum selection clause.  See Memo in Opposition, at 2-3. Defendant's failure to locate the document may present evidentiary issues.  However, its significance is minimal in light of the fact that the lift ticket provided to Mr. Hall contained similar contractual language, including a forum selection clause.

assess whether the ticket language was sufficient to put a party on notice of its existence, courts

will look to the language itself, as well as its location, size and placement.  See id.  In this case,

the relevant language on both the Acknowledgment ("THIS IS A CONTRACT READ IT!) and the lift

ticket ("Acceptance of this ticket constitutes a contract"), clearly alerts the reader to its

significance.  Since Plaintiffs have failed to show that the enforcement of the forum selection

clause would be unreasonable or unjust, the Court finds that the clause is both valid and

enforceable.

In accordance with 28 U.S.C. § 1404(a), the Court is required to conduct a balancing test

and weigh a number of factors in deciding whether the "interests of justice [would] be better

served by a transfer to a different form."  Jumara, 55 F.3d at 879; see also Stewart Organization,

487 U.S. at 30; Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001).  In this

context, a forum selection clause is a factor entitled to significant deference.  Stewart

Organization, 487 U.S. at 29 ("the presence of a forum-selection clause ... will be a significant

factor that figures centrally in the district court's calculus").  The factors enumerated in Section

1404(a) include convenience of the parties, convenience of witnesses, and interests of justice.  Id.

Other factors to be considered include "the enforceability of judgment, the practical

considerations that could make the trial easy, expeditious, or inexpensive, the relative

administrative difficulty in the two fora resulting from court congestion, the local interest in

determining local controversies at home, the public polices of the fora and the familiarity of the

trial judge with the applicable state law." Wojtunik v. Kealy, 2003 WL 22006240, at *7 (E.D. Pa.

Aug. 26, 2003). Taking into consideration all the aforementioned factors, it is clear that this

action has a stronger connection to the Middle District of Pennsylvania, the district where the

accident occurred and the contract was entered into, as well as the district in which Defendant is headquartered and conducts business.  In comparison, Defendant's connection to the Eastern District rests primarily on advertising and customer-solicitation efforts.  Having engaged in a multi-factor balancing exercise, the Court is persuaded that a transfer is appropriate.

Defendant urges the Court either to dismiss the case, or transfer it to the Middle District of Pennsylvania.  Generally, transfer to the proper forum is preferable to outright dismissal because it avoids repetitive motion practice and unnecessary costs.  See Kahn, 2006 WL 1879192, at *7.  Accordingly, this matter will be transferred to the Middle District of Pennsylvania for further proceedings.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Transfer Venue will be granted.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY HALL and LISA HALL, h/w** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 06-CV-275** |
| | **:** | |
| **SHAWNEE MOUNTAIN, INC.** | **:** | |

## ORDER

   **AND NOW**, this   4th   day of October, 2006, upon consideration of Defendant Ski

Shawnee, Inc's Motion to Dismiss and Transfer Venue (docket no. 10) and all responses thereto,

and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion

to Transfer Venue is **GRANTED.**  Accordingly, this matter is **TRANSFERRED** to the United

States District Court for the Middle District of Pennsylvania.

                              **BY THE COURT:**


                               **/s/ Bruce W. Kauffman**
                              **BRUCE W. KAUFFMAN, J.**